UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THEODORE JUSTICE, | Case No. 24-11936 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| ALLY FINANCIAL, INC. and SAMSUNG ELECTRONICS AMERICA, INC., | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendants. _____/ | |

## ORDER ON PLAINTIFF'S PENDING MOTIONS (ECF Nos. 44, 51, 54, 55)

### I.   BACKGROUND

Plaintiff Theodore Justice's Second Amended Complaint ("SAC") is the current operative complaint. (ECF No. 40). Defendants are Ally Financial Inc. ("Ally") and Samsung Electronics America, Inc. ("Samsung"). Plaintiff alleges that he purchased a Samsung cellular telephone and various accessories; this purchase was allegedly financed through co-Defendant Ally Financial, Inc. (*Id.* at PageID.542, ¶ 8). A subsequent product update, however, rendered accessories incompatible with the telephone. (*Id.* at ¶ 9). Plaintiff purportedly contacted Samsung multiple times to initiate a return and request a Return Merchandise Authorization ("RMA") form for the now-incompatible products. (*Id.*). Plaintiff

claims that Samsung "accepted the phone and failed to issue an RMA for the accessories." (*Id.* at PageID.543, ¶ 9).

He also claims that he made full payment for the Samsung products to Ally in April 2024. (*Id.* at ¶ 10). Even so, Ally reported an inaccurate, outstanding balance for the Samsung items to credit bureaus. (*Id.* at ¶ 11). Plaintiff disputed the charges, and on May 24, 2024, Ally indicated that a credit would be applied to his account by June 23, 2024; but three days before this date, Ally dismissed the dispute. (*Id.* at ¶ 12). This prompted Plaintiff to file a complaint with the Consumer Finance Protection Bureau ("CFPB"). (*Id.* at ¶ 13). He also launched disputes with the credit reporting agencies, namely Equifax, Experian, and Transunion. (*Id.*).

On October 1, 2024, Ally closed Plaintiff's account. (*Id.* at ¶ 14). Plaintiff alleges that this closure was retaliation for Plaintiff's complaint to the CFPB and disputes with the credit reporting agencies. (*Id.* at ¶ 15). Ally's action purportedly damaged Plaintiff's credit consequently resulting in financial and emotional harm. (*Id.* at ¶ 16).

As a result of the allegedly unlawful conduct, Plaintiff raises a claim for a violation of the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and retaliation. (*Id.* at PageID.544, ¶ 17–20). The claim refers to Ally's alleged conduct and does not expressly refer to Samsung.

## II. ANALYSIS

Pending before the Court are several of Plaintiff's motions. (ECF Nos. 44, 51, 54, 55). The Court resolves these motions in the order it deems most prudent.

### A. Motion to Amend/Correct and Motion for Status Conference (ECF No. 51)[1]

On June 6, 2025, Plaintiff filed a Third Motion to Amend Complaint. (ECF No. 44). Plaintiff's motion at ECF No. 51 seeks to amend/correct part of his pending Third Motion to Amend Complaint. Plaintiff states that he inadvertently included a copy of the Second Amended Complaint with his latest motion to amend instead of the actual proposed pleadings. (ECF No. 51, PageID.694). He therefore seeks to cure that defect here.

For one thing, this is not a motion to amend the pleadings but rather a motion to correct the pending Third Motion to Amend, so Federal Rule of Civil Procedure 15 does not apply. For another, correction is not needed. The proposed Third Amended Complaint ("TAC") submitted with the motion to amend is not the

---

[1] This motion is fully briefed. (ECF Nos. 52, 53). That said, Plaintiff's reply brief exceeded the number of pages allotted for such a brief under this Court's Local Rules. *Compare* E.D Mich. LR 7.1(d)(3)(B) (indicating a reply brief may not exceed seven pages) *with* ECF No. 53 (consisting of at least seventeen pages of briefing). And Plaintiff did not seek leave of the Court to file excess pages. Even though Plaintiff is *pro se*, he must still adhere to this Court's Local Rules. Additionally, the Court notes that Plaintiff sought concurrence on this motion via email on October 9, 2025, and filed his motion the same day when he did not receive a response. Though Samsung did not raise this matter in its response brief, the Court questions whether this was sufficient to satisfy the Court's Local Rules. *See Liberty Mut. Fire Ins. Co. v. Maple Manor Neuro Ctr. Inc.*, No. CV 20-13170, 2022 WL 4359550, at *7 (E.D. Mich. Sept. 20, 2022) (regarding E.D. Mich. LR 7.1(a)).

3

same as the SAC, nor does it differ from the proffered pleadings included with this motion.

The proposed TAC contains more detailed factual allegations, lists three causes of actions (compared to one in the SAC), and seeks different forms of relief than the SAC. (ECF No. 44-1). Indeed, the proposed TAC is the same document Plaintiff included at ECF No. 51-1. There is no discernible difference, so there is nothing to correct.

This motion also requested a status conference to clarify the status of Plaintiff's Third Motion to Amend, address Samsung's pending motion to dismiss, and explore mediation under Local Rule 16.3. This Order and the concurrently filed Report and Recommendation address these first two concerns. And the Court can address mediation or settlement later, after it has ruled on the pending Report and Recommendation, so that all parties can participate at one time. Accordingly, Plaintiff's *Motion to Amend/Correct and Motion for Status Conference* (ECF No. 51) is **DENIED**.

      **B.**    **Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 44)**

After Plaintiff filed the SAC—but before Samsung received service of process—Plaintiff filed the pending *Motion for Leave to File Third Amended Complaint* (ECF No. 44). Pursuant to an agreement between Plaintiff and Samsung, the Court extended the deadline for Samsung's response to the SAC to

4

July 17, 2025. (ECF No. 48). If Samsung did not concur with Plaintiff's motion to amend, the Court instructed Samsung to respond to the SAC and respond to the motion by July 17, 2025. If Samsung concurred, however, the Court told Samsung to indicate its concurrence by the same date; if that were the case, Samsung did not have to respond to the SAC.

Samsung filed a timely motion to dismiss the SAC. (ECF No. 49). But contrary to the Court's Order, Samsung did not file anything regarding the motion to amend.

Plaintiff moved to amend his pleadings pursuant to Rule 15(a)(2). Leave to amend the complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But this does not mean that all motions to amend are automatically granted. Courts consider several factors when assessing a motion to amend, specifically "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Samsung did not raise any of these grounds in a timely response to Plaintiff's Third Motion to Amend. And as pointed out previously, neither has Defendant Ally. (ECF No. 48). Plaintiff's *Motion for Leave to File Third Amended Complaint* (ECF No. 44) is therefore **GRANTED**. Plaintiff is

5

**ORDERED** to file his Third Amended Complaint (with his exhibits) **within fourteen days of this Order**. Defendant Ally Financial, Inc. is **ORDERED** to file its Answer to the TAC within fourteen days of service of the amended pleadings. Fed. R. Civ. P. 15(a)(3). Importantly, however, Samsung need not file an Answer until the District Judge has ruled on the Report and Recommendation filed concurrently with this Order.

### C. Plaintiff's Renewed Motion for Rule 16 Scheduling Conference and Entry of Scheduling Order (ECF No. 54)[2]

In this motion, Plaintiff moves for a Scheduling Order so that discovery may commence while the motion to dismiss is pending. Plaintiff complains that he has been unable to conduct necessary discovery because the Court has not issued a Scheduling Order. He therefore moves under Federal Rule 16(b)(2) and Local Rule 16.2 for such an order.

Rule 16(b)(2) states that "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Considering the

---

[2] Plaintiff filed a supplemental brief on November 20, 2025. (ECF No. 56). Again, however, Local Rules permit only one brief per motion; if a party wishes to provide supplemental briefing, it must first seek leave of the Court. *See* E.D. Mich. LR 7.1(d)(3)(B). As Plaintiff did not seek such leave, the Court will not consider the arguments made there on this motion. Even more glaring, the arguments presented further address Samsung's motion to dismiss. But Plaintiff has not sought leave to submit supplemental briefing on that motion either.

circumstances here, there is good cause for delay, namely, the pending motion to dismiss. *See Est. of Borkovec by & through Bolt v. Turn Key Health Clinics, LLC*, No. 23-CV-02679-PAB-SBP, 2025 WL 1735595, at *2 (D. Colo. June 23, 2025) (collecting cases where good cause for delay under Rule 16(b)(2) was warranted because of a pending motion to dismiss). Additionally, the undersigned exercised discretion to address the motion to dismiss on the papers, so there is no need for limited discovery on personal jurisdiction—a request Plaintiff did not make in his response brief to the motion to dismiss.

The undersigned has now recommended that Samsung be dismissed from this action in the Report and Recommendation filed concurrently with this Order. The Court does not see a basis for requiring Samsung to participate in discovery when it may no longer be a party. Nor will the Court bifurcate discovery; that is, the Court will not permit discovery to proceed against Ally until the Court rules on the now-pending Report and Recommendation. Thus, Plaintiff's *Renewed Motion for Rule 16 Scheduling Conference and Entry of Scheduling Order* (ECF No. 54) is **DENIED**.

**D.    Plaintiff's Motion to Expedite Ruling on Defendant's Motion to Dismiss (ECF No. 55)**

Much like Plaintiff's Rule 16 motion, this motion reflects Plaintiff's concern with the pendency of Samsung's motion to dismiss. In terms of the requested relief, Plaintiff requests a Report and Recommendation on the motion to dismiss.

The undersigned did exactly that with the Report and Recommendation filed concurrently with this Order. Accordingly, Plaintiff's *Motion to Expedite Ruling on Defendant's Motion to Dismiss* (ECF No. 55) is **DENIED AS MOOT**.[3]

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 24, 2025                s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

---

[3] Plaintiff also reiterated his request for limited jurisdictional discovery while the motion to dismiss is pending. As stated in the Report and Recommendation, the undersigned exercised discretion to assess the motion to dismiss on the papers without conducting an evidentiary hearing or discovery.

**CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 24, 2025.

                                            s/Sara Krause
                                            Case Manager
                                            (810) 341-7850