UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE JUSTICE,                          Case No. 24-11936

     Plaintiff,                          F. Kay Behm
v.                                         United States District Judge

ALLY FINANCIAL, INC., *et al.*,            Curtis J. Ivy, Jr.
                                           United States Magistrate Judge
     Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE
MAGISTRATE JUDGE'S NOVEMBER 24, 2025 REPORT AND
RECOMMENDATION (ECF No. 58) AND GRANTING
<u>SAMSUNG'S MOTION TO DISMISS (ECF No. 49)</u>**

Currently before the court is Magistrate Judge Ivy's November 24, 2025 Report and Recommendation.  ECF No. 58.  Judge Ivy recommends that Defendant Samsung Electronics America's Motion to Dismiss (ECF No. 49) be granted for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  For the reasons explained below, the court accepts and adopts that report and recommendation in full, overrules Plaintiff's objections, grants the motion, and dismisses Samsung from this matter for lack of personal jurisdiction.

**I.     PROCEDURAL HISTORY**

Plaintiff Theodore Justice originally filed this case against Ally Financial Inc. only on July 26, 2025 (ECF No. 1).  After permission was granted to file an amended complaint (ECF No. 30), Justice filed a First Amended Complaint (ECF No. 31), which added Defendant Samsung Electronics, Inc.  This was subsequently followed by a Second Amended Complaint (SAC) (ECF No. 40) against both Ally and Samsung.

Samsung filed a motion to dismiss the SAC's claims against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under 12(b)(6).  ECF No. 49.  Plaintiff responded to that motion.  ECF No. 50.  Magistrate Judge Ivy issued a report and recommendation on November 24, 2025, recommending this court grant the motion and dismiss Samsung from this action under Rule 12(b)(2).  ECF No. 58, PageID.788.  Plaintiff timely objected to that report and recommendation.  ECF No. 59.[1]

On the same day he issued the report and recommendation, the Magistrate Judge granted Plaintiff's motion to file a Third Amended Complaint (TAC) (ECF No. 44), and ordered Plaintiff to "file his Third

---

[1] Plaintiff also filed a motion to transfer Samsung's claims to the District of New Jersey.  ECF No. 61.  But he withdrew that motion shortly afterward, so the court proceeds on the R&R and objections as presented.  ECF No. 62.

Amended Complaint (with his exhibits) [ECF No. 44-1 and subsequent exhibits] within fourteen days of" November 24, 2025.  ECF No. 57, PageID.768.  That Third Amended Complaint was then filed at ECF No. 60.  Magistrate Judge Ivy's report and recommendation is based on both the SAC and the (then proposed) TAC, because the allegations in the two were functionally equivalent as to Samsung.[2]

## II.   FACTUAL BACKGROUND

Given that on this motion, the issue is only Defendant Samsung's motion to dismiss, the court limits its recitation of the facts to those involving Samsung.

---

[2] "If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Klein by Klein v. Caterpillar, Inc.*, 581 F. Supp. 3d 912, 919 (E.D. Mich. 2022) (quoting *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002)) (citation modified).  This is particularly the case if the amended pleadings are "substantially identical to the original complaint." *Id.* (citation modified).  In this vein, no party has objected to the R&R's reliance on the proposed TAC referenced in its text (at ECF No. 44-1) rather than the subsequently filed TAC at ECF No. 60.  They are not the same document – though Magistrate Judge Ivy ordered that they be the same document in ECF No. 57.  However, the court has reviewed the two documents and there do not ultimately appear to be material differences for purposes of this motion.  And if there are material differences, it was Plaintiff's job to object and explain those differences.  Plaintiff had, after all, an equivalent amount of time to file his amended complaint and to object to the R&R.  *See* ECF Nos. 57, 58.  Lacking any record for why these documents are different or any explanation of the substantive differences between them for purposes of this motion, the court will analyze the issues as presented by the Magistrate Judge and the parties.

Plaintiff, who is a resident and citizen of North Carolina, alleges that he purchased a Samsung cell phone and various accessories in North Carolina; this purchase was allegedly financed through co-Defendant Ally Financial, Inc., which is located in Michigan.  ECF No. 60, PageID.816.[3]  A subsequent Samsung product update, however, rendered the accessories incompatible with the phone.  *Id.* at PageID.817.  Plaintiff purportedly contacted Samsung multiple times to initiate a return and request a Return Merchandise Authorization ("RMA") form for the now-incompatible accessories.  *Id.*  Plaintiff claims that Samsung "agreed to accept return of the phone but refused to issue an RMA for the accessories and denied warranty coverage."  *Id.*  He ultimately made full payment to Ally Financial for the Samsung products.  *See id.*  The remaining allegations in the TAC focus on Ally's allegedly unlawful conduct.

## III.  STANDARD OF REVIEW

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must

---

[3] The court cites the operative TAC (ECF No. 60) rather than the proposed TAC (ECF No. 44-1).

resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.  And, when objections are "merely

perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## IV. ANALYSIS

Motions to dismiss under Rule 12(b)(2) involve burden shifting. The plaintiff must first make a prima facie case, which can be done merely through the complaint. *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020) (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)). The burden then shifts to the defendant, whose motion to dismiss must be properly supported with evidence. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Once the defendant has met the burden, it returns to the plaintiff, who may no longer "stand on his pleadings but must, by affidavit or

otherwise, set forth specific facts showing that the court has jurisdiction." *Id.*

Within that burden-shifting framework, however, a district court has discretion in how it resolves a 12(b)(2) motion. *Malone*, 965 F.3d at 505; *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). "When the district court 'rules on written submissions alone' the burden consists of 'a prima facie showing that personal jurisdiction exists.'" *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (quoting *Serras*, 875 F.2d at 1214). "Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction." *Theunissen*, 935 F.2d at 1458.

Personal jurisdiction can be either general or specific. General jurisdiction exists when the defendant's affiliations with the forum state are "so continuous and systematic as to render" the defendant "essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (cleaned up).

Specific jurisdiction, on the other hand, "depends on an 'affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919 (quoting citation omitted). "A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997). There is a two-part test for determining whether the court may exercise specific personal jurisdiction over a non-resident defendant. First, the court must determine whether jurisdiction is authorized under the forum state's long-arm statute. *See Air Products & Controls, Inc. v. Safetech Int'l Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). If jurisdiction is authorized under the state's long-arm statute, then the court must also determine whether the exercise of jurisdiction comports with constitutional due process. *Air Products*, 503 F.3d at 550. Because Michigan's long-arm statute extends to the limits of due process, these

two inquiries merge into one here and the court "need only determine whether the assertion of personal jurisdiction . . . violates constitutional due process." *Aristech Chem. Int'l v. Acrylic Fabricators*, 138 F.3d 624, 627 (6th Cir. 1998) (internal quotation marks and citation omitted); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992).

> The three element test for specific jurisdiction is as follows:
>
> > First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.
> >
> > Second, the cause of action must arise from the defendant's activities there.
> >
> > Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968); *see also Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014) (applying the *Southern Machine* test).

Judge Ivy concluded that the court lacks general jurisdiction over Samsung, because for general jurisdiction to be present Samsung "must either be incorporated in Michigan or have its principal place of

9

business in Michigan.  But Samsung is incorporated in New York and has its principal place of business in New Jersey."  ECF No. 58, PageID.780.  He further concluded that the court lacks specific jurisdiction over Samsung in this case because, although Samsung purposefully avails itself of Michigan's markets when it sells its products in Michigan on a regular basis, the second prong of the specific jurisdiction analysis was lacking.  That is because "[n]othing in Plaintiff's pleadings show that his claims 'arise from or relate to' Samsung's contacts in Michigan." ECF No. 58, PageID.784.  "[A]ll of Samsung's interactions with Plaintiff—e.g., the sale of the cellular telephone and accessories, the product update, and the communications with Plaintiff about initiating a return—occurred in Plaintiff's home state of North Carolina."  *Id.* at PageID.784-85.  And he also found that the exercise of jurisdiction would not be reasonable because neither Defendant nor Plaintiff nor the state of Michigan have a strong interest in litigating this dispute in Michigan.  *Id.* at PageID.786-87.

Plaintiff objects to these conclusions and brings a few additional procedural objections.  All are overruled.

### A.    Objection 1

Plaintiff's first objection is to the Magistrate Judge's refusal to consider Plaintiff's "supplemental briefing." ECF No. 59, PageID.791-93. Judge Ivy refused to consider that material because supplemental briefs are not allowed except by permission of the court under Local Rule 7.1(d)(1)(A). ECF No. 58, PageID.776 n.2. Under the Local Rule, the decision to limit Plaintiff's briefing to a single response brief was not error. Nor, more to the point, would Plaintiff's "evidence" change the general jurisdiction analysis. The objection is **OVERRULED**.

### B.    Objection 2

Second, Plaintiff objects that the Magistrate Judge abused his discretion by "denying jurisdictional discovery." ECF No. 59, PageID.794. Plaintiff misapprehends the relevant standard; as pointed out, it is left to the court's discretion how it resolves a 12(b)(2) motion. *Malone*, 965 F.3d at 505; *Serras v. First Tenn. Bank Nat. Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). When a district court rules on the pleadings alone, it takes Plaintiff's pleadings as true and simply asks whether Plaintiff made a prima facie showing of jurisdiction. This choice operates mainly to a plaintiff's advantage; it "prevents a defendant from defeating personal jurisdiction merely by filing a

11

written affidavit contradicting jurisdictional facts alleged by a plaintiff[.]" *See Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (cleaned up).  But it also emphasizes that a plaintiff always has the burden of making a prima facie showing of personal jurisdiction; without that showing, a plaintiff cannot invoke the need for evidentiary development, even in the face of a defendant's argument that personal jurisdiction is not present.  *See Serras*, 875 F.2d at 1214 ("the plaintiff always bears the burden of establishing that jurisdiction exists.").  So the question here is not whether Plaintiff was entitled to jurisdictional discovery to rebut Defendant's arguments, but whether Judge Ivy correctly ruled that Plaintiff did not meet his burden of a prima facie showing of either general or specific jurisdiction.  As explained throughout this order, this court agrees with Judge Ivy, so Plaintiff was not entitled to jurisdictional discovery.  The objection is **OVERRULED**.

### C.    Objection 3

Objection 3 largely restates Plaintiff's argument that Samsung is subject to general jurisdiction in Michigan.  *See* ECF No. 59, PageID.797.  His view is, essentially, that Samsung's "continuous and

systematic" contacts with the state are sufficient to establish general jurisdiction.

That is incorrect.  Only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there.  For a corporation, the paradigmatic examples are its place of incorporation and principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Michigan is neither Samsung's place of incorporation nor principal place of business.

Plaintiff's arguments highlighting Samsung's regular business in this state do not change this result.  The "[f]low of a manufacturer's products into the forum may bolster an affiliation germane to *specific* jurisdiction, but . . . do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant.  A corporation's continuous activity of some sorts within a state, . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 916 (2011) (internal citations and quotations omitted).  That a corporation "engages in a substantial, continuous, and systematic course of business" in a state does not mean

13

that it is subject to general jurisdiction there. *Daimler AG*, 571 U.S. at 138 ("That formulation, we hold, is unacceptably grasping."). Nothing about Samsung's contacts with Michigan, as alleged, suggest that Michigan functions as its primary place of business or that this is the kind of exceptional situation justifying a finding of general jurisdiction. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779-780, n. 11 (1984) (Ohio's exercise of general jurisdiction was permissible in *Perkins* because "Ohio was the corporation's principal, if temporary, place of business"). The objection is **OVERRULED**.

### D.    Objection 4

Objection 4 objects to the Magistrate Judge's conclusion that specific jurisdiction is lacking. ECF No. 59, PageID.799. In his view, Judge Ivy took an "overly narrow" view of the requirement that this case "arise out of or relate to" Samsung's contacts with Michigan and that the exercise of jurisdiction be reasonable. *See Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 362 (2021).

Again, the three part test (in short) runs as follows: the defendant must have "purposefully availed" themselves of the privilege of conducting activity in-state, the case must "arise out of or relate to" the

14

defendant's conduct in the forum, and the exercise of jurisdiction must ultimately be "reasonable." *Ford Motor Co.*, 592 U.S. at 359; *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir. 1968). While Judge Ivy found that Samsung purposefully avails itself of Michigan's markets by selling its products in-state, he found that the second and third elements were missing. ECF No. 58, PageID.783-87. Noting that all of Samsung's interactions with Plaintiff occurred in Plaintiff's home state of North Carolina, he found this case does not arise from or relate to Samsung's conduct in Michigan. *Id.* at PageID.784-85. And he found that Michigan has no interest in the dispute between Plaintiff and Samsung, neither of whom are Michigan citizens, so the exercise of jurisdiction was not reasonable. *Id.* at PageID.787. Because Plaintiff agrees that the first element is present, the court focuses only on the last two prongs of the analysis.

Plaintiff's argument is that his "warranty claim concerns a Samsung Galaxy S24 Ultra and accessories," a product Samsung also happens to sell and distribute in Michigan. ECF No. 59, PageID.799. Plaintiff concedes that his own activity occurred only in North Carolina and that his claim does not "arise out of" Samsung's contacts in

Michigan, but says this tenuous connection is nonetheless enough to "relate to" Samsung's conduct in Michigan.  *See id.* at PageID.800.  It is not.  The mere fact that Samsung sells the same kind of consumer electronics in this state that Plaintiff purchased in another state does not establish that this case "relates to" Samsung's in-state conduct.  In *Ford Motor Co.*, for example, which Plaintiff cites as his sole authority, the plaintiffs' product liability suits arose out of several car accidents.  Jurisdiction was proper in the states where the accidents occurred even though the cars in question were not sold in the forum states because the accidents occurred in the forum states, and Ford sought to sell its cars in those same states; Ford could therefore reasonably be expected to defend against suits based on accidents involving its vehicles present in that state, regardless of where those specific vehicles were bought or sold.  *See Ford Motor Co.*, 592 U.S. at 363.  The accidents themselves, of course, were a key jurisdictional hook in that analysis.  In contrast, no jurisdictionally relevant conduct has occurred here; nothing about Plaintiff's activity or Plaintiff's alleged injury is alleged to involve Michigan at all.  The only basis for Plaintiff filling suit in Michigan is that the other Defendant in this case, Ally Financial, is a citizen of

16

Michigan.  Plaintiff's arguments to the contrary, and his objections as to the reasonableness of exercising jurisdiction over Samsung, are unconvincing.[4]  The objection is **OVERRULED**.

### E.    Objection 5

Plaintiff's fifth and final objection is that Samsung made "material misrepresentations" to the court when it said it "lacks continuous contacts with Michigan" and that it is not headquartered in Michigan.  ECF No. 59, PageID.800.  And he references Rule 11 sanctions and asks the court to consider them for these alleged misrepresentations.  *See* ECF No. 59, PageID.801.  But this objection is meritless and appears to cross the line into Plaintiff – not Samsung – making material misrepresentations to the court.  Samsung is, as has been established, not headquartered in Michigan.  And as far as the court can tell, Samsung has never argued that it "lacks continuous contacts" with Michigan (though Plaintiff put that language in quotes,

---

[4] Because this is sufficient to resolve the issue, the court need not discuss the possible effect of Plaintiff's (withdrawn) motion to transfer, which would have effectively conceded all these points.  *See* ECF No. 61, PageID.885 ("The Ally and Samsung Claims Arise from Separate Transactions"); *id.* at PageID.886 ("Samsung Electronics America, Inc. is incorporated in New York with its principal place of business in Ridgefield Park, New Jersey. . . . Samsung is therefore 'at home' in New Jersey[.]"); ECF No. 62 (withdrawing that motion).

and cites a specific page in Samsung's brief that does not contain the quoted language). ECF No. 59, PageID.800 (citing ECF No. 52, Page ID 715-716); *but see* ECF No. 52, Page ID 715-716 (the quoted language does not appear). Plaintiff should take care that his factual contentions "have evidentiary support," or risk sanctions himself under Federal Rule of Civil Procedure 11.

In any case, Samsung did not need to argue that it lacked "continuous" contacts with Michigan to prove that it is not subject to general jurisdiction in Michigan; it merely needed to establish that its contacts, however continuous, do not render it "at home" in this state. *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) ("the inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State.'") (cleaned up). The objection is **OVERRULED**.

## V. CONCLUSION

In sum: the court **OVERRULES** each of Plaintiff's objections, and **ACCEPTS** and **ADOPTS** the Report and Recommendation to grant

18

Samsung's motion to dismiss for lack of personal jurisdiction.

Defendant's motion (ECF No. 58) is thus **GRANTED**, and Samsung is

**DISMISSED WITHOUT PREJUDICE**.[5]  This is not a final order and

does not close the case.

     **SO ORDERED.**


Date: March 3, 2026                     <u>s/F. Kay Behm</u>
                                       F. Kay Behm
                                       United States District Judge

---

[5] Dismissals for lack of personal jurisdiction should be made "without prejudice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  And while Plaintiff raised the possibility of transferring rather than dismissing Samsung's claims, he withdrew that motion and argument.  ECF No. 61 (motion), 62 (withdrawing that motion).  The report and recommendation, for its part, recommends dismissal, not transfer.  ECF No. 58, PageID.788.  And in his objections to the report and recommendation, Plaintiff does not object to the recommended result.  *See generally* ECF No. 59.  Plaintiff controls the presentation of his arguments, and the court will not make the argument for transferring his claims against Samsung when he affirmatively chose to withdraw that argument and did not specifically object to the relief recommended by Judge Ivy.

19