UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODORE JUSTICE,

                    Plaintiff,

v.

ALLY FINANCIAL, INC.,

                    Defendant.
_____/

Case No. 24-11936

F. Kay Behm
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER REGARDING
PLAINTIFF'S PENDING MOTIONS (ECF No. 63, 69)**

Pending before the Court are two of Plaintiff's motions, namely his *Motion to Compel Scheduling Conference, Expedite Discovery, and Impose Sanctions for Bad Faith Conduct* (ECF No. 63) and his newly *Renewed Motion for Entry of Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)* (ECF No. 69). The Court addresses each motion in kind.

In the first motion, Plaintiff requested four specific forms of relief: (1) a scheduling conference pursuant to Federal Rule of Civil Procedure 16; (2) the entry of a Case Management Order ("CMO"); (3) a Court order mandating expedited discovery; and (4) an award of $2,500 against Defendant Ally Financial, Inc. ("Ally") and its counsel for allegedly bad-faith conduct during settlement negotiations. (ECF No. 63, PageID.905). After Ally filed its response in

opposition to this motion, (ECF No. 65), Plaintiff withdrew his requests for sanctions and expedited discovery.  (ECF No. 66).  But Plaintiff maintained his request for a scheduling conference and a CMO.  That said, Plaintiff's second motion is essentially for the same relief and so supersedes and moots Plaintiff's first motion.  Thus, Plaintiff's *Motion to Compel Scheduling Conference, Expedited Discovery, and Impose Sanctions for Bad Faith Conduct* (ECF No. 63) is **DENIED AS MOOT**.

As mentioned, Plaintiff's second motion is for the same relief he has repeatedly requested—a scheduling conference and CMO.  As the Court said in its Order from November 24, 2025, there was good cause to delay a Rule 16 scheduling conference because of Samsung Electronics America, Inc.'s ("Samsung") then-pending motion to dismiss.  (ECF No. 57, PageID.768–69).  Notably, Plaintiff did not object to this Order.  On March 3, 2026, the Court adopted the undersigned's Report and Recommendation to grant Samsung's motion to dismiss.  (ECF No. 68).  Accordingly, there is no longer good cause for further delay.  Since Plaintiff has filed his Third Amended Complaint and Ally has filed its Answer, (ECF Nos. 60, 64), the Court will request the parties proposed discovery plans in a subsequent Order.  That said, the Court will not adopt the proposed dates in Plaintiff's motion without input from Ally.

Plaintiff's *Renewed Motion for Entry of Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)* is therefore **GRANTED** to the extent that the Court will proceed in ordinary course to request the parties' proposed discovery plans and set a date for a scheduling conference but **DENIED** with respect to the dates proposed in Plaintiff's motion.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 4, 2026

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

3

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 4, 2026.

s/Sara Krause
Case Manager
(810) 341-7850

4